NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1551

BRIAN DAVIS

VERSUS

ROMERO'S POWER SPORTS, LLC

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 115341-D
HONORABLE JAMES McCLELLAND, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, James T. Genovese, and Shannon J. Gremillion, Judges.

AFFIRMED.

James W. Schwing, Sr.
Attorney at Law
411 Iberia Street
New Iberia, LA 70560
(337) 365-2445
Counsel for Defendant/Appellee:
      Romero's Power Sports, LLC

Lucretia Pecantte-Burton
Attorney at Law
P.O. Box 13738
New Iberia, LA 70562-3738
(337) 367-1779
Counsel for Plaintiff/Appellant:
      Brian Davis

**DECUIR, Judge.**

Plaintiff, Brian Davis (Davis), appeals a judgment of the trial court denying his petition for damages and granting the reconventional demand of Defendant, Romero's Power Sports, LLC (Romero's). For the following reasons, we affirm.

**FACTS**

In April 2006, Davis purchased a 2005 Kawasaki GCH10 motorcycle from Romero's. In June 2007, Davis hit a pothole while riding the motorcycle. Romero's picked up the motorcycle and disassembled it, notifying Davis that the bearings were damaged. Davis came in and picked up the motorcycle in pieces and took it to a shop in Lake Charles. The Lake Charles shop was not an authorized Kawasaki service facility. The Lake Charles shop repaired the motorcycle.

In May 2009, Davis brought the motorcycle back to Romero's with the same problem as before. Romero's disassembled the motorcycle and replaced the necessary parts with those that were on the bike when Davis brought it in. Davis had a warranty on his motorcycle from Kawasaki. Kawasaki paid for the repairs under the warranty. Romero's tested the motorcycle and the problem returned. Romero's disassembled the motorcycle again and performed the repair again. Romero's tested the motorcycle and the problem persisted. Only then did Davis inform Romero's that the shop in Lake Charles had worked on the motorcycle.

Further investigation revealed that the Lake Charles shop had used the wrong bearings when they repaired the motorcycle. Because Kawasaki uses a color coding system for the parts in question, Romero's, being unaware of the Lake Charles shop's error, matched the incorrect part when making the repairs.

Romero's then disassembled the bike again and made the appropriate repairs. Romero's then sent Davis two invoices. One was for $3,850.77, representing the

initial repair, which was paid by Kawasaki under the warranty. Romero's anticipates having to repay that payment because Davis voided his warranty by taking the motorcycle to the Lake Charles shop. Kawasaki has not yet demanded repayment. The second invoice was for $6,772.22, representing the two subsequent repairs and some additional parts and work requested by Davis.

Davis complained to Romero's about the double billing, and Romero's placed a lien on the motorcycle for nonpayment. Davis filed suit seeking damages, and Romero's reconvened seeking payment of the invoices and enforcement of its lien.

The trial court entered judgment in favor of Romero's for $6,772.22 and ordered the motorcycle seized and sold in recognition of Romero's lien. The trial court found Romero's reconventional demand for the invoice paid by Kawasaki to be premature and dismissed it with leave to pursue the issue when Kawasaki actually demands repayment. Davis' petition for damages was dismissed. Davis lodged this appeal.

## DISCUSSION

Davis alleges that the trial court erred in dismissing his petition and in granting Romero's reconventional demand. Davis argues no legal error, so the sole issue before us is whether the trial court erred in its factual determinations.

In *Lafayette City-Parish Consolidated Government v. Entergy Gulf States, Inc.*, 07-1065, p. 4 (La.App. 3 Cir. 1/30/08), 975 So.2d 177, 181, *writ denied*, 08-685 (La. 5/16/08), 980 So.2d 712, this court noted:

> The standard of appellate review of factual findings in a civil action is the manifest error/clearly wrong standard, and factual findings should not be reversed absent manifest error or unless they are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the trial court's findings are reasonable in light of the record reviewed in its entirety, the reviewing court may not reverse. *Sistler v. Liberty Mut. Ins. Co.*, 558

2

So.2d 1106 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous. *Id.*

We have reviewed the record and find no manifest error in the trial court's findings. This assignment of error has no merit.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to the appellant, Brian Davis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.